IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
LIN CUI, *individually and on behalf of all other persons similarly situated,*

                Plaintiffs,

-against-

JDBN, LLC d/b/a DOMODOMO, JAE PARK, BRIAN KIM, *jointly and severally,*

                Defendants.
---------------------------------------------------------------X

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff LIN CUI ("CUI"), ("Plaintiff") individually and as and for all similarly situated employees allege against JDBN, LLC d/b/a DOMODOMO ("Domodomo") Jae Park, and Brian Kim (collectively, "Defendants") as follows:

## NATURE OF THE CLAIMS

1. Plaintiff worked as a sushi chef Defendants' restaurant located at 138-140 W. Houston Street New York, New York 10012.

2. Defendants' payment schemes resulted in systematic underpayment of wages to Plaintiff and similarly situated employees in violation of the federal and state wage laws.

3. Plaintiff brings this action to recover unpaid wages owed to him and similarly situated employees pursuant to the Fair Labor Standards Act, as amended, 2149 U.S.C. §§201 *et. seq.* ("FLSA") and the New York Labor Law ("NYLL") §§ 650 *et seq.* and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 et seq. and the supporting regulations.

1

4. Plaintiff alleges on his behalf and on behalf of other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ P. 23(a) and (b), that Defendants willfully violated New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay; (iii) unlawfully retaining gratuities, (iv) failing to provide the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law §195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law §195.3.

5. Plaintiff alleges, pursuant to the FLSA and NYLL that he and similarly situated employees of Defendants are entitled to recover from Defendants: (1) unpaid wages (2) unpaid overtime (3) unpaid minimum wage (4) liquidated damages (5) interest and (6) attorneys' fees and costs.

6. Plaintiff brings FLSA claims on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the three (3) years prior to the commencement of this action ("Collective" members).

7. Plaintiff brings his claims under NYLL on behalf of himself and all other similarly situated employees who worked for the Defendants at any time during the six (6) years prior to the commencement of this action ("Class" or "Class Action Members").

8. In addition, Defendants filed fraudulent tax withholdings to the Internal Revenue Service ("IRS") for Plaintiff and similarly situated employees by paying Plaintiff and other similarly situated employees in cash without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions for all wages paid to Plaintiff and similarly situated employees that were paid in cash. Accordingly, Plaintiffs brings this action on behalf of himself and similarly situated employees pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the IRS.

9. Finally, Defendants have retaliated against Plaintiff and similarly situated employees by threatening Plaintiff and other similarly situated employees for speaking out, reporting, and engaging an attorney in protecting their rights against Defendants pursuant to the Federal and New York State laws.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New York state law.

11. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

14. Plaintiff was and is a resident of Queens County, New York

15. Defendant JDBN, LLC d/b/a Domodomo was and is a domestic for-profit corporation organized under the laws of the State of New York, with a principle place of business at 138-140 W. Houston Street New York, New York 10012.

16. At all times relevant to this action, Domodomo has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

17. Defendant Jae Park, upon information and belief, was and is a resident of the State of New York.

18. Defendant Brian Kim, upon information and belief, was and is a resident of the State of New York.

19. That at all times, Defendants operate a restaurant and touts itself as a "Michelin Guide New York, Bib Gourmand Awardee".

20. At all times relevant to this action, Jae Park was and is an executive, director, member, and owner of Domodomo.

21. At all times relevant to this action, Brian Kim was and is an executive, director, member, and owner of Domodomo.

22. Defendants Jae Park and Brian Kim exercised control over the employment terms and conditions of Plaintiff and similarly situated employees and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs and similarly situated employees.

23. At all times, Plaintiff could complain to Jae Park and Brian Kim directly regarding any of the terms of their employment, and Jae Park and Brian Kim would have the authority to effect any changes to the quality and terms of Plaintiff's employment.

24. Defendants Jae Park and Brian Kim exercised functional control over the business and financial operations of employees, including payments of gratuities, cash wages, wages, recording hours,

tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

25. At all relevant times, Jae Park is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

26. At all relevant times, Brian Kim is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

27. At all relevant times, Jae Park and Brian Kim, owns, operates and controls Defendant Domodomo's day-to-day operations and management and jointly employed Plaintiffs and other similarly situated employees.

28. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and employment conditions, determined their payment rate and distribution of gratuities and kept at least some records regarding their employment.

## STATEMENT OF FACTS

29. Domodomo is a restaurant located at 138-140 W. Houston Street New York, New York 10012.

30. Defendant Domodomo is open every day of the week for lunch and dinner service.

31. Defendants Jae Park and Brian Kim are regularly at the restaurant and instructing employees what to do, have the authority to hire and terminate employees, change their pay and pay schedules, and maintain records regarding employee hours worked and compensation.

32. Defendants employed Plaintiff Cui as a sushi chef on or about December 2017, until on or about February 2019. In his capacity, Plaintiff was responsible for preparing sushi and serving same for the Defendants' customers.

33. Defendants normally scheduled Plaintiffs to work seven (7) days a week.

34. On any given day, Plaintiff worked between 1:00 p.m. to 11:00 p.m. with other sushi chefs. From personally observing the other sushi chefs and speaking with them, Plaintiff knows he

performed the same primary duties and received the same compensation structure.

35. Sushi chefs are scheduled to work the lunch or dinner shift, or both.

36. At times, sushi chefs worked double shifts which included lunch and dinner service.

37. From December 25, 2017 to June 24, 2018, Plaintiff worked over sixty (60) hours per week.

38. On or about December 2018, Defendants changed their hours of operation to open earlier and close the restaurant at later hours.

39. Plaintiff and other sushi chefs worked later than the time required to clean the restaurant at closing.

40. From June 25, 2018 to December 4, 2018, Plaintiff worked over sixty (60) hours per week.

41. From December 4, 2018 through February 2019, Plaintiff worked over sixty-three (63) hours per week.

42. Plaintiff normally stayed an extra thirty (30) minutes to clean-up after the restaurant closed.

**Hourly Rate, Gratuities, and Overtime**

43. Plaintiff and similarly situated employees were paid in cash and check.

44. Defendants orchestrated this payment scheme to circumvent tax reporting to the Federal, State, and City government.

45. In doing so, Defendants paid Plaintiff and similarly situated employees a flat salary despite that face that they were non-exempt employees.

46. Plaintiff was paid $419.22 in check, and $600.00 in cash every week in 2017, which totaled $1,019.22.

47. Defendants paid Plaintiff said flat amount in cash, every week, without providing any wage statements.

48. Plaintiff was paid $587.15 in check, and $430.00 in cash every week in 2018, which totaled $1,017.15.

49. Defendants paid Plaintiff said flat amount in cash, every week, without providing any wage statements.

50. Upon information and belief, Defendants no longer paid Plaintiff in cash, and only paid Plaintiff by check in 2019. Plaintiff was paid $988.40 in check every week in 2019, which totaled $1,017.15.

51. Despite working approximately over sixty (60) hours per week from 2017 through 2019, Defendants paid Plaintiff a flat amount per week.

52. Upon information and belief, Defendants had a policy and practice of deducting forty percent (40%) of the tips of Defendants' other employees, including but not limited to, the waitresses and waiters, and informed the waitresses and waiters that those tips were being distributed to the sushi chefs. Yet, Defendants did not distribute the tips to the chefs and instead paid the salary of the chefs with the deductions from the wait staff.

53. Defendants maintained control over the tips by receiving the tips (in cash or credit) and distributing the tips with Defendants' waitresses and waiters' paychecks.

54. That at all times herein, Defendants do not distribute 40% of the tipped pool to the sushi chefs and instead pay the sushi chefs a regular flat salary.

55. That at all times herein, sushi chefs are not part of the tipped pool as they prepare the sushi.

56. That upon information and belief, Defendants deduct the 40% of the tipped pool from the waiters to pay the salary of the sushi chefs and/or other expenses of the restaurant.

57. Defendants retain the 40% deduction from the tipped pool.

58. Defendants did not inform their customers that they were retaining any portion of the gratuities to the chefs.

59. Customers are permitted to tip the sushi chefs but the chefs do no retain the tips.

60. Customers reasonably believed 100% of the gratuity was being remitted to chefs.

61. Plaintiff's pay stubs do not state that Defendants are claiming a tip credit against the minimum wage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including servers and waitstaff employed by the Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

63. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wage and gratuities. The claims of the Plaintiff stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

64. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English, Korean, Japanese, Mandarin and any other language.

65. Under 29 U.S.C. § 206, Plaintiff seek to assert these allegations and claims as a collective action for:

> All persons whom Defendants employ and have employed who were wait staff and other comparable tipped positions with different titles including "waiter", "waitress" "runner" or "server" any time since May 1, 2016 to the entry of Judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

66. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed the Collective Action Members;

    b. Collective Action Members performed similar duties;

    c. Defendants failed to keep true and accurate records for all hours Plaintiffs and Collective Action Members worked;

    d. Defendants willfully and recklessly violated the FLSA;

    e. Defendants failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty (40) hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

    f. Defendants improperly withheld tips and gratuities, violating 29 U.S.C. § 203(m);

    g. Defendants are not entitled to avail themselves of the "tip credit" for unlawfully retaining the tips and failing to properly inform the Collective Action Members of the "tip credit"; and

    h. Defendants should be enjoined from such violations of the FLSA in the future;

**RULES 23 CLASS ALLEGATIONS – NEW YORK**

67. Plaintiff also brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including waiters, waitstaff, servers, and runners employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class period").

68. All said persons, including the Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants'

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

69. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

70. The Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

71. The Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

72. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to

prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

73. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

74. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

75. Defendants and other employers throughout the state violate the New York wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

76. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed the Plaintiffs and Class members;

    (b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

    (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

    (d) Whether Defendants properly notified the Plaintiffs and Class members of their hourly rate, overtime rate, and tip credit;

    (e) Whether Defendants paid the Plaintiffs and Class members the proper minimum wage and overtime premium compensation; and

    (f) Whether Defendants improperly retained any portion of the gratuities owed to the Class.

## COUNT I
## FAILURE TO PAY OVERTIME PREMIUM UNDER FLSA

77. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

78. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

80. Defendants' failure to pay overtime caused to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from Defendants unpaid overtime premium compensation,

damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME PREMIUM UNDER NYLL

81. Plaintiff hereby repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82. Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

83. Defendants' failure to pay overtime premium compensation caused the Plaintiffs to suffer loss of wages and interest thereon. Plaintiff is entitled to recover from the Defendants unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## COUNT III
## FAILURE TO PROVIDE WAGE STATEMENT – NYLL

84. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, tip credit, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

86. Due to the Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants one hundred dollars ($100) for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500), as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## COUNT IV
## CIVIL DAMAGES FOR FRAUDULENT FILING
## OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a).

87. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

88. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which they was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies actually earned and paid to Plaintiffs for all of the work Plaintiffs performed during the course of their employment with the Defendants, and failing to properly withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

89. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an Order:

A. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period, but were not paid proper wages;

14

B. Authorizing Plaintiff's counsel to issue a notice informing Collective Action Members and Class Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Designating Plaintiffs Cui as class representative of the Collective Action Member and Class Members, and counsel of record as Class Counsel;

D. Finding that Defendants willfully violated the applicable provisions of the FLSA and NYLL by failing to pay all required wages to Plaintiffs and the Collective Action Members and Class Members;

E. Granting judgment in favor of Plaintiffs and the Collective Action Members and Class Members on their FLSA and NYLL claims;

F. Awarding compensatory damages to Plaintiff and the Collective Action Members and Class Members in an amount to be determined;

G. Awarding pre-judgment and post-judgment interest to Plaintiff and the Collective Action Members and Class Members;

H. Awarding liquidated damages to Plaintiff and the Collective Action Members and Class Members;

I. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

J. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Action Members and Class Members, and the risks they are undertaking;

K. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

L. Awarding any further relief, the Court deems just and equitable; and

M. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: May 1, 2019
     New York, New York

                                        **POLAT LAW GROUP, PLLC**

                                        */s/ Emre Polat*
                                        _____
                                        Emre M. Polat, Esq.
                                        Grace Hyun, Esq.
                                        45 Broadway, Suite 1420
                                        New York, New York 10006
                                        (212) 480-4500
                                        emre@polatlawyers.com
                                        grace@polatlawyers.com
                                        *Attorneys for Plaintiffs*